UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br> v.<br><br>RENE HERIBERTO PAZ-RAUDALES,<br><br>    Defendant(s). | CASE NO. CR24-00032-KKE<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR RETURN OF PROPERTY |

  Defendant Rene H. Paz-Raudales has filed a motion requesting the return of his property seized at the time of his arrest, under Federal Rule of Criminal Procedure 41(g). Dkt. No. 36. That rule provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

  Courts ordinarily grant Rule 41 motions to return a defendant's seized property at the end of trial or upon a guilty plea, unless "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060–61 (9th Cir. 1991). If the property at issue "is no longer needed for evidentiary purposes ... [t]he person from whom the property is seized is presumed to have a right to its return, and the

government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987) (footnotes omitted).

In this case, the Government has not opposed Mr. Paz-Raudales's motion for return of his property and has therefore not attempted to demonstrate that it has a legitimate reason to retain his property. The property Mr. Paz-Raudales seeks to recover is not contraband, nor is there any evidence suggesting it is subject to forfeiture. *See* Dkt. No. 36-1. Mr. Paz-Raudales's motion suggests that perhaps the Government has not yet located his property, however. Dkt. No. 36 at 2.

Nonetheless, because the Government has not shown that it has a legitimate reason to retain Mr. Paz-Raudales's property at this time, the Court GRANTS Mr. Paz-Raudales's unopposed motion for return of his property (Dkt. No. 36) and ORDERS the Government to return the property seized at the time of Mr. Paz-Raudales's arrest.

Dated this 3rd day of September, 2024.

Kymberly K. Evanson
United States District Judge